BAIGÉS, PETICIONARIO Y APELANTE, Y EL PUEBLO, OPOSITOR Y APELADO.

APELACIÓN contra resolución del Juez Asociado del Tribunal Supremo, Hon. H. M. Hutchison, en un recurso de *habeas corpus.*

No. 1218.—Resuelto en febrero 8, 1918.

HABEAS CORPUS—CAUSA PROBABLE.—Dentro de un procedimiento de *habeas corpus* iniciado para investigar la causa de la detención de un ciudadano, no se averigua ni decide si el detenido es culpable o no del delito de que se le acusa, sino simplemente si existe o no un principio de prueba que justifique su detención como presunto responsable del delito público que se le imputa.

ID.—ALTERACIÓN DE PAPELETAS ELECTORALES—FALSIFICACIÓN DE PRUEBA.—Aplicando la anterior doctrina se concluyó que ese principio existe en el presente caso y que el peticionario no se halla privado ilegalmente de libertad, por cuanto teniéndose a la vista las papeletas electorales de cuya alteración se trata, se le encontró relacionado con la alteración por un testigo que declaró que en dos ocasiones le propuso aquél dañara las papeletas, a lo que se negó.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Eugenio Benítez Castaño y Manuel Benítez Flores.*

Abogado del apelado: *Sr. Luis Campillo, Fiscal del Distrito de San Juan.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Encontrándose detenido Pedro Baigés Gómez en la cárcel del distrito de San Juan a virtud de orden de arresto expedida por el Fiscal de dicho distrito en 24 de octubre de 1917, imputándole la infracción del artículo 128 del Código Penal, acudió al juez de esta Corte Suprema, Hon. H. M. Hutchison, solicitando la expedición de un auto de *habeas corpus* y que en definitiva se le pusiera en libertad por falta de causa probable para privarle de ella.

Expedido el auto por el juez expresado, tuvo lugar la vista del mismo con asistencia del peticionario asistido de abogado, y del Fiscal de la Corte de Distrito de San Juan, Hon. Luis Campillo, quien declaró como testigo, habiéndose aportado además como pruebas 16 papeletas electorales correspondientes a las últimas elecciones verificadas en el distrito de Mayagüez, y el récord taquigráfico de las declaraciones de varios testigos cuyas pruebas tuvo en cuenta el fiscal para disponer el arresto de Baigés Gómez.

El juez después de un detenido estudio de la solicitud, de la prueba practicada y de la jurisprudencia aplicable, resolvió en 24 de octubre de 1917 anular el auto expedido y ordenó que el peticionario fuera devuelto a la custodia del alcaide de la cárcel.

Esa resolución ha sido apelada por Pedro Baigés Gómez para ante esta Corte Suprema, y se alega como fundamento del recurso que falta prueba legal de clase alguna que justifique el arresto del apelante.

Examinadas las pruebas practicadas, forzoso se hace concluir que existió causa probable para decretar la detención del peticionario, y por tanto que éste no se halla privado ilegalmente de libertad.

Tenemos a la vista las papeletas electorales de cuya alteración se trata y encontramos relacionado con la altera-

ción al apelante Pedro Baigés Gómez por el testigo Francisco Dobal quien declara que en dos ocasiones le propuso Baigés Gómez *dañara* las papeletas, a lo que se negó abiertamente.

No necesitamos analizar las demás pruebas para sostener la conclusión antedicha, pues dentro de un procedimiento de *habeas corpus* iniciado para investigar la causa de la detención de un ciudadano no .se averigua ni decide si el detenido es culpable o no del delito de que se le acusa, sino simplemente si existe o-no un principio de prueba que justifique su detención como presunto responsable del delito público que se le imputa. *El Pueblo* v. *Pillot,* 19 D. P. R. 264.

Ese principio de prueba existe en el presente caso.

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Asociados Sres. Aldrey y Hutchison no intervinieron en la resolución de este caso.