SOSTRE, PETICIONARIO Y APELANTE, *v.* CALZADA, ALCAIDE, OPOSITOR Y APELADO.

No. 2288.—*Visto:* Mayo 27, 1924. *Resuelto:* Mayo 31, 1924.

ARRESTO EN NOMBRE DEL PUEBLO—MANDAMIENTO DE ARRESTO LIBRADO POR EL FISCAL.—El artículo 38 del Código de Enjuiciamiento Criminal fué redactado originalmente para arrestos ordenados por un juez de paz. Cuando el fiscal de distrito es en cambio quien ordena el arresto no puede haber duda de que él está procediendo en nombre de El Pueblo de Puerto Rico; y el acusado, el alcaide de la cárcel y cualquier otro funcionario, tomará conocimiento de tal hecho y de que el fiscal de distrito funciona en representación del pueblo y tiene derecho de hacer arrestos. Semejantes presunciones no surgen en favor de un juez de paz, como es el efecto de la sentencia en el caso de *Ex parte Solares,* 4 D. P. R. 84.

ID.—CAUSA PROBABLE PARA EL ARRESTO.—Demostrando la prueba haberse hecho por el acusado un disparo deliberado con una admisión de premeditación, debe concluirse que existió un caso *prima facie.*

*Habeas Corpus*—ADMISIONES DEL ACUSADO—CONFESIONES DEL ACUSADO.—General-

mente el recurso de *habeas corpus* no procede para investigar si manifestaciones del acusado constituyen admisión o confesión.

ID.—DERECHO DEL ACUSADO A CONFRONTARSE CON LOS TESTIGOS.—Cuando el fiscal está investigando un delito antes o después de verificar un arresto, la ley no requiere de él confrontar al acusado con los testigos.

RESOLUCIÓN de *Pablo Berga*, J. (Humacao), denegando solicitud de *habeas corpus*. *Confirmada.*

*F. Cervoni*, abogado del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El mandamiento de prisión en este caso fué el siguiente:

"Estados Unidos de América, El Presidente de los Estados Unidos. SS. El Pueblo de Puerto Rico versus Marcos Sostre. Al alcaide de la Cárcel de Distrito de Humacao.—Habiéndose, con esta fecha dictado por mí una orden para que Marcos Sostre sea detenido con el propósito de que responda al cargo que se le hace de Asesinato en Primer Grado, por haber dado muerte ilegal a Vicente Robles y al disparar a Pablo Lebrón, hecho ocurrido en Yabucoa, dentro del Distrito Judicial de Humacao, el día 29 de marzo de 1924, con premeditación y deliberación, por el presente se ordena a usted lo reciba bajo su custodia y lo detenga en tanto sea legalmente excarcelado."

El apelante en *habeas corpus* se queja de que el mandamiento de prisión no cumple con el artículo 38 del Código de Enjuiciamiento Criminal, el cual es como sigue:

"Art. 38.—El auto de prisión estará concebido en estos términos:

"Distrito de * * · *.

"El Pueblo de Puerto Rico al alcaide de la Cárcel del Distrito de * * *.

"Habiéndose con esta fecha dictádose por mí una orden para que_____sea detenido con objeto de que responda al cargo que se le hace de (aquí se reseña brevemente la naturaleza del delito con especificación tan aproximada como sea posible, de la fecha y lugar en que se cometiera) por el presente se ordena a usted lo reciba bajo su custodia y lo detenga en tanto sea legalmente excarcelado.

"Fechado hoy día_____de_____de 18_____."

Este artículo fué redactado originalmente para arrestos.

ordenados por un juez de paz. Cuando el fiscal de distrito es en cambio quien ordena el arresto no puede haber duda de que él está procediendo por virtud de la autoridad que en él ha reposado El Pueblo de Puerto Rico; y el acusado, el alcaide de la cárcel y cualquier otro funcionario, tomará conocimiento de tal hecho y de que el fiscal de distrito es el funcionario que representa ser. Ni el acusado ni el alcaide pueden dejar de saber por virtud de qué autoridad se hace el arresto. El fiscal de distrito tiene la clara autoridad de verificar arrestos. El es un magistrado por virtud del artículo 13 del Código de Enjuiciamiento Criminal. Semejantes presunciones no surgen en favor de un juez de paz, como es el efecto de la sentencia en el caso de *Ex parte Solares,* 4 D.P.R. 84.

Encontramos que la prueba es suficiente para probar un caso *prima facie,* toda vez que se demostró haberse hecho un disparo deliberado con una admisión de premeditación. Convenimos con el fiscal en que el hecho de si una manifestación es una admisión o confesión generalmente no debe ser objeto de investigación mediante *habeas corpus.* Hubo causa probable para detener al acusado. *El Pueblo* v. *Baigés,* 26 D.P.R. 148.

El tercer señalamiento de error alegado trata del derecho del acusado a ser confrontado con los testigos. Cuando el fiscal está investigando un delito antes de verificar un arresto, no encontramos en la ley nada que requiera de él confrontar al acusado con los testigos. El gran jurado era el precursor de las acusaciones presentadas por el fiscal de distrito y tal derecho en el acusado, o práctica no prevalecía. Ni tampoco la actual ley del gran jurado confiere al acusado tal derecho. Una persona acusada de un delito, como sostuvo la corte inferior, debe ser confrontada en un juicio, pero no al ser arrestada. La investigación del fiscal de distrito es privada. *El Pueblo* v. *Reyes,* 10 D.P.R. 253; *El Pueblo* v. *Beltrán et al.,* 18 D.P.R. 944.

*Debe confirmarse la resolución apelada.*