EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPE-
RIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. PABLO
JUAN Y TORO, JUEZ, demandado, FÉLIX RAMOS CRUZ, In-
terventor.

Número 2405.

*Sometido:* 7 de mayo de 1958. *Resuelto:* 12 de septiembre de 1958.

*Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Es-
trella, Secretario Auxiliar de Justicia y Alfredo Archilla
Guenard, Fiscal del Tribunal Supremo,* abogados del peticio-
rio; *Santos P. Amadeo,* abogado del demandado; *Brown,
Newsom & Córdova y Pablo R. Cancio,* abogados del inter-
ventor.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opi-
nión del Tribunal.

Félix Ramos Cruz fue acusado por un delito de asesinato
en primer grado ante la Sala de San Juan del Tribunal Supe-

rior. En el acto sobre lectura de la acusación ocurrió lo siguiente:

"Sr. Juez:

"¿Alegación? Entréguesele la copia de la acusación. ¿Alegación?

"Lic. Cancio:

"Sr. Juez, en este caso vamos a solicitar un término para hacer alegación, y mientras tanto solicitamos del tribunal que ordene al Fiscal que entregue a este abogado del acusado copia de una declaración jurada prestada por el acusado en la investigación del proceso. Entendemos que es indispensable para que este acusado pueda hacer una alegación inteligente tan pronto como Su Señoría determine la fecha. Es necesario que este abogado examine y estudie detenidamente esa declaración jurada. Solicitamos del tribunal por lo tanto le ordene al Fiscal que ponga en nuestro poder dicha declaración jurada.

"Sr. Fiscal:

"Nosotros nos oponemos, señor Juez. Aunque no somos el Fiscal que intervino originalmente en el caso, no conocemos el caso, pero como cuestión de principio.

"Sr. Juez:

"Pero que la Fiscalía la entregue. Cualquiera que sea el Fiscal, que la Fiscalía la entregue.

"Sr. Fiscal:

"Por eso. Queremos hacer claro que nuestra objeción es a base de la secretividad del expediente Fiscal. No es a base de que tengamos ningún otro reparo, porque no conocemos la prueba.

"Sr. Juez:

"Bueno . . . No hay secretividad, porque él (el abogado de la Defensa) lo que está pidiendo es la declaración del acusado. Digo, no es secreto para él lo que le dijo a usted. El abogado quiere verlo."

En este recurso nos pide El Pueblo que anulemos la orden del tribunal demandado sobre entrega de la copia de la declaración del acusado por el fundamento de que esa declaración "forma parte integrante de una investigación preliminar y de un expediente fiscal privado y secreto."

Tanto el juez demandado como el acusado interventor sostienen que la orden impugnada es válida y correcta

porque el carácter privado de la investigación fiscal no se extiende a declaraciones prestadas por una persona acusada en el curso del sumario.([1])   El peticionario expone que "la base estatutaria" en que descansa su impugnación se encuentra en la última oración del apartado 4 del art. 11 del Código de Enjuiciamiento Criminal—34 L.P.R.A. sec. 11—que lee así:

"*El examen de testigos* por el promotor fiscal según lo dispuesto en la sec. 3 de este título, se hará privadamente, y no deberá aquél interrogar a los testigos del acusado, excepto en el acto de celebrarse el juicio público." (Énfasis nuestro.)

La transcrita disposición no cubre la situación planteada y no priva a un tribunal de autoridad para ordenar la entrega al acusado o a su abogado de una copia de la declaración prestada por aquél durante la investigación preliminar practicada por el fiscal.   El carácter privado de esa investigación se limita al examen de testigos.   Sería ilógico presumir que el legislador quiso darle carácter secreto, con relación al acusado, a un documento que el acusado obviamente conoce. Nuestra jurisprudencia sobre el sumario del fiscal nunca se ha referido al acusado.([2])

¿Está en contravención la orden dictada por el tribunal demandado con alguna disposición constitucional o estatutaria vigente en Puerto Rico?   Resolvemos que no, y que se actuó correctamente y a tono con el imperante sistema de conceder al acusado las más amplias oportunidades para defenderse, al ordenarse al fiscal entregar al abogado del acusado copia de la declaración prestada por éste.

---

([1]) Los interesantes y muy bien elaborados alegatos de las partes revelan que ellas han realizado una labor encomiable en el estudio de las cuestiones envueltas en este recurso.

([2]) *Pueblo* v. *Reyes,* 10 D.P.R. 253; *Pueblo* v. *Beltrán,* 18 D.P.R. 944; *Pueblo* v. *Díaz,* 22 D.P.R. 191; *Sostre* v. *Calzada,* 33 D.P.R. 244; *Pueblo* v. *Ramírez,* 41 D.P.R. 747; *Pueblo* v. *Coto,* 48 D.P.R. 147; *Pueblo* v. *Escobar,* 55 D.P.R. 505; *Castro* v. *González,* 58 D.P.R. 368; *Pueblo* v. *Álvarez,* 70 D.P.R. 830; *Pueblo* v. *Garcés,* 78 D.P.R. 102; *López* v. *Tribunal Superior,* 79 D.P.R. 498; *Pueblo* v. *Cortés,* 79 D.P.R. 818.

La declaración dada por un acusado durante la investigación fiscal—etapa del proceso en que no puede tener la asistencia de un defensor—puede constituir el único instrumento para obtener su convicción. Para la adecuada formulación de su alegación contra la acusación y para preparar su defensa eficazmente el procesado puede que necesite constatar lo que específicamente declaró ante el fiscal. No deben esperar, el abogado del acusado para preparar inteligentemente la defensa de su cliente, ni el acusado para confrontarse con su propio testimonio anterior que lo incrimine, hasta el momento del juicio en que el fiscal lo ofrezca como evidencia. No se debe perder de vista que el objetivo de todo procedimiento judicial es el esclarecimiento de la verdad. (³)

---

(³) Siguiendo principios de la ley común inglesa la mayoría de los estados tradicionalmente se ha negado a conceder, como cuestión de derecho, peticiones de acusados similares a la del caso de autos. Pero las corrientes modernas procesales han suavizado el rigor de esa arcaica tendencia. —Véanse la obra póstuma de Jerome Frank, "Not Guilty", 1957, págs. 243–248 y "Development of Guarantees of Liberty" de Roscoe Pound, 1957, págs. 84–85.

Luisiana, desde el año 1945, en *State* v. *Dorsey*, 207 La. 928, 22 So.2d 273—seguido en *State* v. *Simpson*, 216 La. 212, 43 So.2d 585, *State* v. *Alleman*, 218 La. 821, 51 So.2d 83 y *State* v. *Martínez*, 220 La. 899, 57 So.2d 888—adoptó una posición contraria reconociendo rango constitucional y considerando absoluto el derecho del acusado a obtener copia de su declaración con antelación al juicio. En la opinión de ese caso, en parte, se dice:

"Toda persona acusada se presume inocente hasta que se demuestre lo contrario, y es la política de la ley conceder a cada persona acusada una razonable oportunidad para preparar y presentar su defensa ante el tribunal o jurado. El Estado de Luisiana no desea asegurar convicciones mediante un injusto secreto o sorpresa. Es el deber del Estado ocuparse tanto de la absolución de un inocente como en asegurar la convicción del culpable, y el Estado está deseoso de dar a cada persona acusada una justa y razonable oportunidad para preparar su defensa. Siendo esto así, somos de opinión que una inspección antes del juicio de la confesión escrita del acusado es una justa e imparcial concesión que debe hacerse en este Estado.

. . . . . . . .

"Bajo las disposiciones de las constituciones de los Estados Unidos y de este Estado, todo acusado tiene derecho a, y se le garantiza, un juicio justo e imparcial, y negarle a su abogado una inspección, antes del juicio, de la confesión escrita del acusado, en nuestra opinión es equivalente a

Opinamos que la norma procesal que debe seguirse en estos casos es la aplicada por el tribunal demandado, consistente en ordenar al fiscal la entrega al acusado, con razonable prontitud, de copia de cualquier declaración o confesión prestada por el acusado durante la investigación preliminar del caso.

*Procede, por lo expuesto, anular el auto expedido y devolver los autos originales a la sala del tribunal de su procedencia.*

---

privar al acusado de un juicio imparcial y justo en violación de sus derechos constitucionales."

En *Shores* v. *United States,* 174 F.2d 838, 11 A.L.R.2d 635 (1949) la Corte de Apelaciones para el Octavo Circuito, citando la opinión del Juez Learned Hand en *United States* v. *Krulevitch,* 145 F.2d 76, 78, 156 A.L.R. 337, resolvió que aun en ausencia de un estatuto o de una regla judicial al efecto, el tribunal de instancia tenía suficiente discreción para ordenar al fiscal la entrega al acusado de una copia de su confesión.

En la opinión del caso de *State* v. *Haas,* 51 A.2d 647, (1947), resuelto por la Corte de Apelaciones de Maryland se hace un extenso estudio del problema aquí envuelto. Se sostuvo la validez de una orden para que se le entregase al abogado del acusado copia de manifestaciones hechas por éste al Comisionado de la Policía, a base del poder inherente de los tribunales para dictar discrecionalmente esa clase de órdenes en bien de la justicia.

En *State* v. *Superior Court,* 78 Ariz. 74, 275 P.2d 887 (1954), se encuentra otra interesante discusión de la cuestión, decidiéndose en este caso que las cortes tienen poderes inherentes para ordenar la exhibición al acusado de objetos en poder del fiscal que presumiblemente se utilizarían en su contra y con el fin de tener el beneficio de una oportunidad razonable para preparar su defensa y probar su inocencia.

La Corte Suprema de California en *Powell* v. *Superior Court,* 48 Cal.2d 704, 312 P.2d 698 (1957), reconoce el poder discrecional de los tribunales para ordenar la entrega al acusado, antes del juicio, de copia de su declaración prestada en la oficina de un funcionario policíaco.

En los casos de *Leland* v. *Oregon,* 343 U. S. 790, 801–802 (1952) y *Cicenia* v. *Lagay,* 357 U. S. 504, 510–511 (1958), la Corte Suprema federal consideró que la mejor práctica procesal era la de conceder el requerimiento del acusado para inspeccionar su declaración anterior y obtener copia de la misma, aunque en ambos casos resolvió que la negativa a concederlo no violaba la Enmienda Catorce de la Constitución nacional.