EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ENRIQUE OLMO ESTRADA, acusado y apelante.

*Número:* CR-66-464    *Resuelto:* 25 de abril de 1967

*Jaime Escanellas,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Lolita Miranda de Escudero, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opinión del Tribunal.

El fiscal presentó el día 28 de octubre de 1963 una acusación contra Enrique Olmo Estrada imputándole una infracción al Art. 8, Sec. 5-801 de la Ley de Vehículos y Tránsito de Puerto Rico, consistente en que en el día 24 de agosto de 1963 y en Río Piedras, Puerto Rico conducía y hacía funcionar un vehículo de motor por la carretera pública Núm. 3, estando bajo los efectos de bebidas embriagantes.

El juicio se celebró durante los días 20 y 27 de abril de 1964. El tribunal de instancia declaró culpable al acusado y lo condenó a cumplir diez días de cárcel. En apelación sostiene que el tribunal sentenciador erró: (1ro.) al no archivar el caso porque el fiscal no entregó al acusado copia de la decla-

ración jurada del policía Reyes Cruz, testigo de El Pueblo y (2do.) al apreciar la prueba y concluir que el acusado estaba guiando un vehículo de motor en estado de embriaguez.

El fiscal que intervino en el juicio fue Felipe Ortiz Ortiz. El que tomó declaración al policía Reyes Cruz y suscribió la acusación en el mes de octubre de 1963 fue el fiscal Marcano.

Después de haber terminado el contrainterrogatorio directo del policía Reyes Cruz, segundo testigo de El Pueblo, el letrado del acusado requirió al fiscal para que le entregase copia de la declaración prestada por ese testigo. El fiscal Ortiz examinó el expediente que tenía del caso y no encontró en el mismo la declaración que dicho testigo había prestado ante el fiscal Marcano. Hizo gestiones con su taquígrafo en busca de la declaración jurada pero no la encontró. En esas condiciones la defensa solicitó que se eliminara la declaración del policía. El Tribunal de instancia se negó a ello.

■ A petición de la defensa se señaló el día 27 de abril de 1964 para la continuación de la vista del caso, ordenando entonces el juez al fiscal que de nuevo hiciera gestiones para localizar la declaración jurada de Reyes Cruz. De la minuta de ese día tomamos lo siguiente:

"Las partes anuncian estar listas para la continuación de la vista de este caso.

Se juramenta la prueba.

Informa el fiscal al Tribunal que la declaración jurada del policía Reyes Cruz a pesar de la búsqueda que se ha hecho en la fiscalía no se ha podido conseguir.

La defensa plantea una cuestión de derecho y solicita el archivo y sobreseimiento de este caso, porque el acusado tiene derecho a que se le entregue copias de las declaraciones juradas y en este caso no se le ha entregado copia de la declaración jurada del policía.

El Fiscal presenta prueba de que la declaración jurada se ha extraviado con el testimonio del Taquígrafo del Hon. Fiscal Juan Marcano, Sr. Juan Osorio.

El Tribunal declara sin lugar la solicitud de archivo. La defensa solicita se elimine el testimonio del policía Reyes Cruz y el Tribunal lo declara sin lugar.

La defensa presenta su prueba con el testimonio del Sr. Cristóbal Guadalupe. Las partes estipulan el análisis de comprobación de la tercera muestra y la defensa lo ofrece en evidencia y el Tribunal lo admite y se marca Exhibit I defensa."

Cuando el juez invitó al letrado del acusado para interrogar al testigo Reyes Cruz dicho letrado manifestó:

"No, no voy a interrogar. Simplemente que se elimine la declaración de él."

No se decretó finalmente la eliminación interesada por la defensa.

En torno a esta cuestión nos manifestamos en *Pueblo* v. *Aponte González*, 83 D.P.R. 511, 515, (1961) así:

"Hace apenas unos días adoptamos como norma procesal en esta jurisdicción, aquélla que permite al acusado obtener copia de cualquier declaración que haya prestado un testigo de cargo, si la solicitud se hace después del testimonio directo y durante la repregunta, y si la misma se refiere a los hechos en la causa que se ventila. *Pueblo* v. *Ribas*, 83 D.P.R. 386 (1961). Esta solución ya se vislumbraba desde *Pueblo* v. *Tribunal Superior*, 80 D.P.R. 702 (1958). Cf. *Pueblo* v. *Cortés*, 79 D.P.R. 818 (1957). Véanse además, *Jencks* v. *United States*, 353 U.S. 657 (1957) y *Campbell* v. *United States*, 365 U.S. 85 (1961). Es conveniente que aclaremos que bajo la norma enunciada el ministerio fiscal viene obligado a entregar únicamente las declaraciones juradas escritas que tenga en su poder. En *De Freese* v. *United States*, 270 F.2d 737, 740 (CA 5, 1959) se dijo: 'La regla del caso de *Jencks* no requiere que el gobierno suministre algo que no tiene y no puede obtener. En este caso, todo cuanto el gobierno tenía en su poder fue entregado al apelante . . . Esto es lo que la justicia y razonabilidad requieren.' Y en *United States* v. *Place*, 263 F.2d 627, 631 (CA 2, 1959) se insinúa que el acusado está obligado a sentar las bases sobre la existencia de la declaración que se interesa. Compete pues al acusado gestionar la entrega de cualquier otra

declaración escrita prestada por un testigo de cargo ante algún otro funcionario público, y especialmente ante aquellos que determinan causa probable. Claro está que si el fiscal tiene en el sumario copias de declaraciones escritas de dichos testigos prestadas ante otros funcionarios debe facilitarlas, aun cuando no hayan sido tomadas por él."

No hay en los autos indicio de prueba alguna que demuestre que el fiscal Ortiz tuviera en su poder la declaración que el policía Reyes Cruz había prestado unos ocho meses antes ante el fiscal Marcano en la etapa preliminar de la causa. Aquél hizo gestiones para localizarla, pero no lo logró.

Creemos que si la hubiera tenido cuando se la solicitó la defensa, se la hubiera entregado, como lo había hecho momentos antes con la declaración escrita del primer testigo José Manuel Sánchez Román. (T.E. pág. 4.) La defensa pudo haber contrainterrogado al policía alrededor de su anterior testimonio y renunció a ello.

En tales circunstancias no erró el tribunal de instancia al negarse a eliminar el testimonio del policía Reyes Cruz. Por otro lado, en la hipótesis de haberse ordenado la eliminación, siempre hubiera quedado prueba suficiente para declarar culpable al acusado de conducir bajo los efectos de bebidas embriagantes a la luz del testimonio del mencionado Sánchez Román y de los análisis de sangre admitidos en evidencia y que en parte fueron ofrecidos por el propio apelante.

■ Tampoco se cometió el segundo error señalado. El tribunal de instancia apreció acertadamente la prueba presentada y su conclusión de que el acusado condujo el camión bajo los efectos de bebidas embriagantes está sostenido por esa prueba, que resumimos así: El día 24 de agosto de 1963 ocurrió un accidente entre un camión marca Ford y un automóvil marca Corvair en la intersección ramal San José en la carretera que conduce de Río Piedras hacia Caguas. El camión transcurría de Río Piedras hacia Caguas conducido por

el señor Enrique Olmo. El automóvil transcurría de Caguas hacia Río Piedras conducido por el señor José Manuel Sánchez Román. El impacto ocurrió cuando el conductor del camión iba a entrar al ramal San José. El conductor del automóvil bajó del mismo y fue donde el conductor del camión, quien se había bajado de su vehículo, notando que éste estaba medio tambaleándose y expelía un fuerte olor a licor. Luego de hablar, el señor Olmo se montó en el camión. Resultaron heridos en el accidente el señor Sánchez Román, su esposa e hijos por lo que fueron recogidos por un automóvil que pasaba y los llevó al hospital. (T.E. págs. 1 a 4, 9, 11.)

El accidente fue investigado por el policía señor Reyes Cruz. Olmo Estrada le manifestó que él venía manejando el camión. Al observar el policía que el señor Olmo no se mantenía firme, expelía fuerte olor a licor y no se entendía bien lo que hablaba, lo requirió para que se dejara sacar una muestra de sangre u orina, a lo que el señor Olmo accedió. Se le extrajo la muestra. Esa misma noche se sometió el caso a un juez. (T.E. págs. 11 a 13.)

Revela el informe del análisis original de la muestra de sangre, fechado el 5 de septiembre de 1963, que al momento de tal análisis había en la sangre del acusado 15 centésimas de uno por ciento por peso de alcohol. De tal hecho, con arreglo al Art. 8, Sec. 5-801 (b) 3, de la Ley de Tránsito Núm. 141 de 1960, ". . . se presumirá que el acusado estaba bajo los efectos de bebidas embriagantes al tiempo de cometerse la alegada infracción."

A petición de la defensa, hecha el 17 de abril de 1964, es decir cuando habían transcurrido más de siete meses después del primer análisis, se efectuó un análisis de comprobación de la muestra de sangre del acusado. En esta ocasión el análisis de comprobación demostró que en el momento en que tal análisis se hizo,—23 de abril de 1964—esa muestra de sangre tenía 14 centésimas de uno por ciento por peso de

alcohol, no obstante los cambios químicos que pudo sufrir el contenido alcohólico de tal muestra durante esos siete meses.

El informe de comprobación que demuestra una centésima menos que el análisis original, fue ofrecido en evidencia por el propio acusado. Si al mismo, en la consideración integral de la evidencia aportada al juicio, se agrega la de cargo, la que demuestra el accidente ocasionado por la forma anormal de conducir el camión, se debe concluir que la convicción del apelante estuvo justificada.

Respecto a la solicitud que nos hace el apelante en el sentido de que le concedamos el beneficio de la enmienda a la Ley de Tránsito hecha por la Ley Núm. 6 de 30 de abril de 1965, de entender que debe confirmarse la sentencia apelada, nos abstenemos de intervenir con la fijación de la pena que hizo el Tribunal de instancia, sin perjuicio que el apelante pueda acogerse a lo dispuesto en la Regla 185(a) de Procedimiento Criminal, una vez devuelto el caso al Tribunal de instancia.

*Se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández al igual que el Juez Asociado Señor Rigau, no intervinieron.