EL PUEBLO, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ, ACUSADO Y APELANTE.

Apelación procedente de la Corte de Distrito de Aguadilla en causa sobre adulteración de leche.

No. 906.—Resuelto en mayo 15, 1916.

DELITO CONTRA LA SALUD PÚBLICA—SALUD PÚBLICA—ADULTERACIÓN DE LECHE—LECHE ADULTERADA—CONOCIMIENTO—DELITO.—Cuando la leche está adulterada no es necesario probar que quien la vende, ofrece o tiene a la venta en ese estado, tenía conocimiento de la adulteración, porque la ley no exige ese requisito, y no es necesario presentar testigos que viesen al acusado adulterarla.

ID.—FERROCARRIL—ENVASES PRECINTADOS Y MARCADOS—LECHE. ADULTERADA.—Cuando la leche es enviada por el vendedor al comprador, por ferrocarril, en envases precintados con plomo y marcados con cartones indicando su procedencia, y al abrirse los envases se encuentra adulterada con agua, sin que exista prueba alguna de que hubieran sido violentados los precintos, no puede

sostenerse que la leche que resultó adulterada no fuera la misma vendida como pura, por no haber sido encontrada en tal estado en poder del vendedor o de algún empleado suyo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan García Ducós.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

El apelante Ramón Rodríguez Vélez tiene en Isabela, pueblo del Distrito Judicial de Aguadilla, una vaquería y se dedica al negocio de vender leche a otras personas enviándola en ferrocarril en envases cerrados con precintos y marcados con cartones indicando su procedencia. Uno de sus compradores es Manuel Acevedo quien en Mayagüez se dedica a la venta de leche al por menor y habiendo visitado su establecimiento en abril de 1915 un inspector de sanidad, cuando aún los envases recibidos de Ramón Rodríguez Vélez estaban sin abrir y precintados, rompió éstos de algunos de aquéllos y habiendo tomado muestras de la leche que contenían las envió al Laboratorio Químico Bromatológico de San Juan el que, en vista del análisis que hizo de ellas, llegó a la conclusión de que la leche estaba adulterada con agua, hecho que fué aceptado en el juicio por el acusado Ramón Rodríguez Vélez, quien habiendo sido convicto del delito de vender como pura leche de vaca que estaba adulterada con agua, estableció este recurso de apelación en el que solicita que revoquemos la sentencia pronunciada contra él y lo absolvamos por el fundamento de que la prueba no demostró que cuando vendió la leche a Acevedo estuviera adulterada.

Las razones que expone el apelante en apoyo de su alegación son: que ningún testigo vió que él adulterara la leche; que no se probó que la leche que resultó adulterada sea la misma que vendió a Acevedo, ni que vendiera como pura leche adulterada pues no se encontró en tal estado en su poder ni en el de algún empleado suyo.

Cuando la leche está adulterada no es necesario probar

que quien la vende, ofrece, o tiene a la venta en ese estado tiene conocimiento de la adulteración porque la ley no exige ese requisito. Según dijimos en el caso de *El Pueblo* v. *Gautier,* 20 D. P. R. 329 ''la ley castiga el mero hecho de tener u ofrecer en venta leche adulterada o diluída, y no es necesario, por tanto, probar que la persona acusada fué quien la adulteró o que sabía que estaba adulterada.'' La misma doctrina es aplicable al que vende leche adulterada, y no necesitaba el Fiscal presentar testigo que viese que el apelante adulteró la leche que vendió.

No tiene razón el apelante al sostener que la prueba no demostró que la leche que resultó adulterada fuera la misma que vendió a Acevedo por el hecho de que estuviera algo flojo el precinto del envase del cual tomó la muestra el inspector de sanidad y porque éste no entregó al apelante duplicado de dicha muestra. Se probó claramente que el inspector visitó el depósito de leche de Acevedo en Mayagüez a las siete de la mañana casi en el momento de llegar la leche y que, aunque el precinto del envase que dió la leche adulterada no estaba tan machacado como los demás, no había sido quitado el precinto. No hubo prueba en contra de esta afirmación y, por tanto, no hay dato para poder sostener que la leche que contenía no era la misma que vendió el apelante, quien envía sus envases con leche a Acevedo precintados con plomos para estar garantido de que no son abiertos sino por la persona a quien los remite. En cuanto a que no se le entregó por el inspector de sanidad duplicado de las muestras que tomó para enviar al laboratorio para su análisis, no hubo prueba alguna sobre si tal duplicado se entregó o no al apelante o a Acevedo, y, por tanto, es innecesario que consideremos esa cuestión.

Para terminar diremos que no hay duda alguna por la prueba de que la leche que resultó adulterada fué vendida por el apelante a Acevedo y el hecho de que cuando se encontró adulterada no estaba en su poder ni en el de sus empleados no destruye el hecho de que la vendió adulterada, dado

que el comprador ni otra persona pudieron adulterarla porque estaban los precintos de garantía en condición que no puede sostenerse que hubieran sido violentados.

No hay motivos para la revocación y la sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la vista de este caso.