EL PUEBLO, DEMANDANTE Y APELADO, *v.* VÁZQUEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por delito de adulteración de leche.

No. 1217.—Resuelto en diciembre 11, 1917.

ADULTERACIÓN DE LECHE—LECHE ADULTERADA O DILUÍDA—INTENCIÓN O CONOCIMIENTO—GRADO LEGAL O STANDARD.—El conocimiento o la intención o la procedencia de la leche, no hace al caso cuando el acusado la vende u ofrece en venta o permite que se venda estando diluída o adulterada; y el vender leche diluída es un delito aun cuando la mezcla que resulte exceda del grado legal (*standard*). El grado legal es una medida que fija el límite mínimo para la venta de la leche, empero, la adulteración o dilución es punible en absoluto.

ID.—CONSTITUCIONALIDAD DE LA LEY—INTENCIÓN.—La Ley de 10 de marzo de 1910 no es anticonstitucional pues es manifiesta la facultad que tiene la legislatura para hacer innecesaria la prueba de la intención o *mens rea*.

ID.—INFORME DEL PERITO DEL GOBIERNO—PRESUNCIÓN DE ADULTERACIÓN O DI-
LUCIÓN.—La ley no dá al informe del perito del Gobierno el carácter de
presunción irrefutable de adulteración o dilución. Es un medio de prueba
que el acusado puede refutar con prueba en contrario.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eugenio Benítez Castaño.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La prueba en este caso demostró que la leche que se ale-
gaba estar adulterada alcanzaba materialmente la medida
del grado legal (*standard*) fijado por las autoridades, pero
sin embargo la prueba pericial, que la corte creyó cierta,
tendía a demostrar que dicha leche había sido diluída, que,
habiendo habido venta, oferta en venta o su equivalencia,
es el delito previsto por la Ley de 10 de marzo de 1910, Le-
yes de 1910, página 167. Después de definir el delito, dice
la ley:. "La adulteración o dilución de la leche puede pro-
barse en la forma usual que la ley provee para la vista de
causas criminales, pero en cualquier caso se considerará y
se tendrá por leche adulterada o diluída aquella que no diere
la prueba que se prescribe por las autoridades competentes;
*Disponiéndose,* que el grado legal (*standard*) de la leche de-
berá ser fijado por el Director de Sanidad, Beneficencia y
Correcciones, y publicado para conocimiento general en la
*Gaceta Oficial de Puerto Rico* y en los periódicos de mayor
circulación de la isla que se determinaren por dicho funcio-
nario." Por tanto, conforme a las numerosas decisiones de
esta corte, el conocimiento o la intención, o la procedencia de
la leche, no hacen al caso cuando el demandado vende u
ofrece en venta o permite que se venda leche diluída. El
vender leche diluída es un delito, aun cuando la mezcla que
resulte exceda del grado legal. El grado legal (*standard*)
es una medida que fija el límite mínimo para la venta de la
leche, empero, la adulteración o dilución es punible en ab-
soluto.

El apelante alega que la ley es anticonstitucional. Implícitamente esta corte decidió ya esa cuestión cuando en ambas opiniones, concurrente y disidente, analizamos o revisamos las autoridades en el caso de *El Pueblo* v. *Ferraris*, 15 D. P. R. 813. Es manifiesta la facultad que tiene la legislatura para hacer innecesaria la prueba de la intención o *mens rea.* Se ha hecho deber de los lecheros el no vender leche adulterada o diluída.

Entrando en detalles, no podemos convenir con el apelante en que la ley da al informe del perito del Gobierno el carácter de una presunción irrefutable de adulteración o dilución. Es un medio de prueba, como lo sería la prueba directa de haberse echado agua a la leche, pudiendo el acusado ofrecer prueba en contrario. Por ejemplo, si el perito del Gobierno dice que la leche fué diluída, el acusado puede presentar otro perito para demostrar que no lo fué, o también impugnar la capacidad o la credibilidad del perito del Gobierno. O puede el acusado demostrar, por sus testigos, que ninguna de las personas en cuyo poder había estado la leche, la había diluído. Si hubiera habido testigos que juraran que la leche no había sido diluída la corte tendría que resolver el conflicto como en cualquier otro caso.

No es necesario que discutamos, en este caso, la facultad de la legislatura para delegar el derecho de fijar el grado legal, puesto que la prueba tendía a demostrar una dilución de leche independientemente del grado legal.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.