EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS A. DELGADO LÓPEZ, acusado y apelante.

*Número:* CR-77-80       *Resuelto:* 28 de octubre de 1977

*Cancio & Cancio,* abogados del apelante; *Héctor A. Colón Cruz, Procurador General, Ricardo Alegría Pons* y *Maribel Pérez Mora, Procuradores Generales Auxiliares,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El apelante fue acusado y convicto del delito de adulteración de leche penado por el Art. 1 de la Ley Núm. 77 de 12 de agosto de 1925, 24 L.P.R.A. sec. 791 y siguientes. Alega que erró el tribunal a quo al negarse a ordenar al fiscal que le mostrara un memorandum o exposición de los hechos preparado por el inspector que obtuvo la muestra de leche, único testigo de cargo, y que erró además al condenarle no empece que la muestra se tomó en su vaquería sin que él, dueño y único encargado, estuviera presente. El segundo apuntamiento es inmeritorio. El primero amerita la revocación.

Disponemos primero del segundo señalamiento. Alega el apelante que la única persona presente en su vaquería cuando el inspector del Departamento de Salud tomó la muestra de leche era un empleado de limpieza. Invoca el Reglamento Sanitario Núm. 96. Su falla es que dicho Reglamento, que requería la "presencia del propietario o encargado del establecimiento" al tomar una muestra, fue derogado por el Núm. 133, de 18 de mayo de 1970, que no exige tal re-

quisito.(1) Se alega en la acusación que la infracción ocurrió el 16 de agosto de 1976. Aunque es deseable, para mayor pureza del procedimiento, que las muestras se tomen en presencia del propietario de la vaquería o de alguna persona que le sea directamente responsable—compárense *Pueblo* v. *Zalduondo Fontánez*, 89 D.P.R. 64 (1963) y *Pueblo* v. *Toro Rosas*, 89 D.P.R. 169, 174–175 (1963)—tal requisito no es de estricta aplicación en casos como el de autos en que el estatuto penal tiene por miras velar por la salud de la comunidad. *Pueblo* v. *Solla*, 66 D.P.R. 957 (1947). Tanto es así que para que se cometa el delito no se requiere ni conocimiento ni intención por parte del propietario. *Pueblo* v. *Marrero*, 93 D.P.R. 694, 696 (1966); *Pueblo* v. *Iturregui*, 33 D.P.R. 247, 248 (1924); *Pueblo* v. *Vázquez*, 26 D.P.R. 14 (1917). Cabe señalar, además, que aquí la muestra se tomó en presencia de un empleado del dueño que, aunque de escasa preparación, vio el procedimiento, que es de naturaleza sencilla, sin que se demostrase que no lo comprendiera ni que no supiera de qué se trataba. Podía considerarse, a tales efectos, que representaba al dueño. *Cf. Pueblo* v. *González*, 63 D.P.R. 144, 146 (1944).

En cuanto al primer planteamiento del apelante, surge de la exposición narrativa de la prueba que, mientras declaraba el testigo Ernesto Medina Díaz, empleado del Departamento de Salud que tomó la muestra de leche, expresó que había hecho una "exposición de hechos" que constituye "una declaración de él anterior donde relata todo lo que ocurrió," "la cual tenía consigo en ese momento," que no había prestado declaración al fiscal y sí le había entregado "esa misma 'ex-

---

(1) El Reglamento Núm. 133 dispone (24 R.&R.P.R. sec. 790–504(e):
"(e) *Toma de muestras.* El Secretario queda autorizado a tomar todas las muestras de leche y de productos de leche en los lugares o sitios en que fuere necesario para el cumplimiento de sus responsabilidades y cuando más convenga a las finalidades del servicio. Además de las muestras de leche y productos de leche que estime pertinente, tomará muestras de bactericidas, detergentes, antibióticos, envases, equipo, etc. para las pruebas y exámenes correspondientes."

posición de hechos'." El abogado del apelante solicitó al tribunal que ordenara que se le entregase dicha "exposición de hechos." El fiscal se opuso "a base de que el documento no formaba parte del expediente ni era un documento bajo juramento." El tribunal lo sostuvo. E.N.P. pág. 5.

En *Pueblo* v. *Ribas*, 83 D.P.R. 386 (1961), dejamos sin efecto una serie de casos que exigían que se sentaran bases de impugnación, en el contrainterrogatorio de un testigo de cargo, para poder obtener copia de la declaración prestada por él en el curso de la investigación fiscal. Esta decisión se produjo pocos años después de resolverse *Jencks* v. *United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), que reconoció el derecho del acusado a obtener unos informes regularmente sometidos al Negociado Federal de Investigaciones por dos testigos de cargo que, infiltrados en el Partido Comunista, pudieron comprobar que el allí peticionario Jencks era miembro de dicho partido y había por tanto cometido perjurio al suscribir, como presidente de una unión obrera, una declaración jurada—*Affidavit of Non-Communist Union Officer*—presentada y archivada en la Junta Nacional de Relaciones del Trabajo.

Se sostuvo en *Jencks* que tales informes, por ser pertinentes, debían entregarse al acusado una vez los que los prepararon ocuparon la silla testifical. Como en el caso de autos, tales informes no eran declaraciones juradas ni formaban parte del expediente fiscal. La pertinencia de la "exposición de hechos" preparada por el testigo Medina Díaz es incuestionable. Constituía, según sus palabras, "una declaración de él anterior donde relata todo lo que ocurrió."

█ El fiscal está en la obligación de poner a disposición del acusado aquella prueba que sea relevante a su defensa. *Pueblo* v. *Hernández García*, 102 D.P.R. 506, 510 (1974); *Pueblo* v. *Dones*, 102 D.P.R. 118 (1974). El interés principal del Estado en una causa criminal ". . . no es ganar un caso, sino que se haga justicia." *Berger* v. *United States*, 295 U.S.

78, 88 (1935) 79 L.Ed. 1314, 1321, citado en *Jencks,* supra, 353 U.S. 668, 1 L.Ed.2d 1112. "No se debe perder de vista que el objetivo de todo procedimiento judicial es el esclarecimiento de la verdad." *Pueblo* v. *Tribunal Superior,* 80 D.P.R. 702, 705 (1958). "Después de todo las cortes existen para derribar obstáculos en el camino hacia lo justo." *Pérez Cruz* v. *Fernández,* 101 D.P.R. 365, 377 (1973).

■ Resolvemos que siempre que declare un testigo de cargo, o un testigo presentado por la defensa que hubiere sido renunciado por el fiscal—*Pueblo* v. *Díaz Díaz,* 86 D.P.R. 558 (1962)—la defensa tiene derecho a examinar cualquier escrito del testigo sobre el asunto que sea objeto de su testimonio que esté disponible en el momento en que declare y que no tenga carácter privilegiado, no importa que no fuese hecho bajo juramento o que no esté en posesión del ministerio público. Véanse: *Pueblo* v. *Tribunal Superior,* 96 D.P.R. 746 (1968) y *Pueblo* v. *Tribunal Superior,* 102 D.P.R. 470 (1974).

*Se revocará la sentencia apelada y se ordenará la celebración de un nuevo juicio.*

El Juez Asociado Señor Rigau no intervino.