Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br><br>En interés del menor JJRC<br><br><br>Recurrido | TA2025CE00328 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Asuntos de Menores de PONCE<br><br>Caso Núm.:<br>2025-03-758-06972<br><br>Sobre:<br>Artículo 245 CP |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 12 de septiembre de 2025.

El 21 de agosto de 2025, la Oficina del Procurador General, en representación del Pueblo de Puerto Rico, (la parte peticionaria) sometió una *Petición de Certiorari*, mediante la cual nos solicita que revoquemos la *Resolución* emitida en el caso de epígrafe con fecha del 30 de julio de 2025, notificada el 1ero de julio del mismo año. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala de Asuntos de Menores (TPI o foro primario) declaró No Ha Lugar la *Moción en Solicitud de Reconsideración a Orden de Entrega de información en Vista de Determinación de Causa Probable* que la parte peticionaria sometió.

En esa misma fecha, se sometió también una *Moción en Auxilio de Jurisdicción* en la que se nos pidió que paralizáramos los procedimientos ante el tribunal inferior mientras dilucidábamos la controversia. El 22 de agosto de 2025, dictamos *Resolución* en la que declaramos ha lugar el auxilio y ordenamos la paralización del caso, y concedimos plazo a la parte recurrida para que compareciera. Evaluado el legajo apelativo, los argumentos de las partes, y la regrabación de los procedimientos

resolvemos expedir el auto de *certiorari* y **confirmar** la determinación recurrida.

-I-

El 25 de junio de 2025, el Ministerio Público presentó contra el menor JJRC (también referido como el recurrido) una Querella por incurrir en falta al Artículo 245 el Código Penal de Puerto Rico, consistente en amenazar e intimidar al Oficial de Custodia mientras este se encontraba desempeñando sus funciones oficiales. Específicamente, se señaló que el menor JJRC, para el 17 de junio de 2025, de manera ilegal, voluntaria y criminalmente usó violencia e intimidación contra el oficial de custodia, Julio César Rosado Oyola. Habiéndose encontrado causa probable por la falta imputada, la vista de causa probable quedó señalada para el 30 de junio de 2025.

Posteriormente, el 9 de julio del año en curso, el recurrido presentó *Moción en Solicitud de Evidencia Exculpatoria y Entrega de Manifestaciones y/o Declaración del Menor*. Habida cuenta del derecho que allí citó, sostuvo tener derecho a obtener copia de cualquier evidencia exculpatoria que el Ministerio Público tenga con relación a las faltas presentadas en su contra. En el inciso III de su moción, estableció como a continuación transcribimos:

1. La solicitud que está haciendo la defensa en el presente caso no es onerosa ni mucho menos intenta una expedición de "pesca" al expediente del fiscal. El Tribunal Supremo ha señalado que los tribunales de instancia tienen autoridad para ordenar al fiscal, al así solicitarlo la defensa, que se le entregue cualquier declaración o confesión prestada por el acusado durante la intervención preliminar del caso y rechazó el carácter privado de la investigación como obstáculo para tal descubrimiento o inspección. (Pueblo v. Galeano, 83 DPR 21 (1961).

2. En base a lo anteriormente expresado solicitamos a este Honorable Tribunal que ordene al Ministerio Público **a que entregue a la defensa sin mayor dilación y previo al próximo señalamiento, cualquier declaración o confesión hecha por nuestro representado sin limitarse al formulario PPR-968 A** titulado "Declaración de Menor Aprehendido, entiéndase, cualquier grabación, documento escrito y/o notas de los agentes, fiscales o cualquier persona que haya entrevistado al menor de epígrafe con relación a los hechos que se le imputan como parte de la investigación del caso. Puntualizamos que, según la Jurisprudencia aplicable y vigente, el derecho a obtener **TODO** tipo de, declaración o confesión hecha por parte de la persona imputada de delito por parte del Estado no parte del derecho al descubrimiento de prueba, sino del debido

proceso de ley, por lo que el Estado se encuentra en la obligación de entregar **cualquier tipo de declaración o confesión ya sea verbal o escrita de la persona procesada que haya surgido como parte de la investigación.**

3. A su vez que se entregue cualquier evidencia exculpatoria.

4. Por todo lo anterior, solicitamos muy respetuosamente que se ordene al Ministerio Público entregar **cualquier manifestación o declaración que tenga en su poder del menor [JJRC] en la etapa investigativa**. Esto así garantizándole el debido proceso de ley, **de una preparación adecuada en su defensa, además que entendemos que, por tratarse de declaraciones o manifestaciones de este menor, la defensa debe tener acceso a las mismas**, esto ayuda sin duda a la preparación de la defensa en la etapa de vista de causa. Precisamente el debido proceso de ley y los derechos constitucionales cobijan a los menores en todas las etapas del proceso penal. (Énfasis nuestro)

En su súplica, pidió al tribunal que declarara Con Lugar su escrito y que ordenara al Ministerio Público suplir la prueba exculpatoria y cualquier manifestación del menor de las solicitada en la moción. El 10 de julio de 2025, el Ministerio Público presentó *Moción en Oposición a Entrega de Información en Vista de Determinación de Causa Probable.* En esta, discutió por qué la jurisprudencia citada por el recurrido era inaplicable a las circunstancias del caso. Habida cuenta de ello, arguyó que su obligación es revelar cualquier evidencia exculpatoria y destacó que en la solicitud de entrega de información no se indicó que la prueba fuera de tal naturaleza, por lo que no estaba obligado a producirla en esta etapa de los procedimientos.

El 14 de julio de 2025, el TPI emitió *Resolución* en la que declaró No Ha Lugar la solicitud de la defensa. No obstante, durante la audiencia de determinación de causa probable celebrada el 16 de julio de 2025, la defensa argumentó las razones por las cuales entendía que el tribunal debía reconsiderar su decisión. En sala, hizo alusión a una decisión de este Tribunal Apelativo[1] en la que, dándosele la razón al foro recurrido, se ratificó que, sí se tiene, la defensa tiene derecho sobre todas las manifestaciones que el imputado haya hecho durante el proceso

---

[1] Pueblo v. Ediburgo Torres León, KLCE2025000301.

investigativo. Habiéndole dado la oportunidad al Ministerio Público para expresarse, el foro primario reconsideró su decisión y determinó que, de haber manifestaciones o declaraciones anteriores del menor, estas debían entregarse. El 29 del mismo mes y año, el Ministerio Público presentó escrito en el que solicitó reconsideración de esta decisión. Mediante *Resolución* del 30 de julio de 2025, el foro primario respondió "No Ha Lugar".

Inconforme con esta determinación, el 21 de agosto de este año, la parte peticionaria instó el recurso de epígrafe y alegó que el TPI erró al ordenarle a la Procuradora de Menores a entregarle a la defensa, antes de la celebración de la Vista de Causa Probable, copia de cualquier declaración que el menor imputado brindó durante la etapa investigativa. Como arriba señalamos, ese día también solicitó nuestro auxilio y la paralización del caso ante instancia; petición que concedimos.

El 25 de agosto de 2025, el recurrido compareció representado por la Sociedad para Asistencia Legal mediante *Moción Informativa*. El día 28, del mismo mes y año, el Ministerio Público sometió *Moción Informativa sobre Objeto Presentado Físicamente ante el Tribunal de Apelaciones*, en la cual informó sometió de manera física la regrabación correspondiente a la vista celebrada en el caso el 16 de julio de 2025. Tras varios trámites, el 5 de septiembre de este año, el recurrido presentó *Escrito en Cumplimiento de Orden* mediante la cual se expresa en cuanto al recurso.

Contamos con el beneficio de la comparecencia de ambas partes, por lo que damos por sometido el asunto. Así hecho, resolvemos.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera

et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros.  La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". BPPR v. SLG Gómez-López, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, 205 DPR 163 (2020).  Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[2]

*B.*

En nuestro ordenamiento jurídico se reconoce que los menores son una figura jurídica que necesita tratamiento especial. Pueblo en interés menor A.L.G.V., 170 DPR 987 (2007), al citar a D. Nevares-Muñiz, *Derecho de menores, delincuente juvenil y menor maltratado*, 4ta ed., Hato Rey, Ed. Inst. Desarrollo del Derecho, 2000, pág. 3. Dado que son personas que no han alcanzado su pleno desarrollo- y, por consiguiente, no han adquirido plena

---

[2] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.  4 LPRA Ap. XXII-B, R. 40.

madurez mental- los menores no están sujetos a responder penalmente. Pueblo en interés menor A.L.G.V., *supra,* a la pág. 994 y casos allí citados.

Debido a la naturaleza especial de los procesos de menores y los diferentes propósitos que los mismos persiguen, éstos se consideran procesos de carácter civil *sui generis* y no de naturaleza criminal. Pueblo en Interés Menor C.Y.C.G., 180 DPR 555 (2011); Pueblo v. Suárez Alers, 167 DPR 850 (2006). No obstante, estos conllevan el riesgo de privación de libertad. Pueblo en interés menor A.L.G.V., *supra,* al citar a Pueblo en interés del menor G.R.S., 149 DPR 1, 12 (1999).

Es por ello, sumado a los matices de carácter punitivo que ha ido adquiriendo el proceso, que se han reconocido mayores salvaguardas procesales en estos procesos similares a las que rigen en el procesamiento criminal. *Id.* Así pues, el menor puede reclamar aquellas garantías constitucionales que le aseguren un trato justo y un debido procedimiento de ley. Véase, Pueblo v. En Interés Del Menor A.L.G.V., *supra,* pág. 997; Pueblo en Interés del Menor G.R.S, *supra*, pág. 11. Por tal razón, por ejemplo, un menor tiene derecho a obtener copia de las declaraciones juradas de los testigos que hayan declarado en la vista de determinación de causa probable para presentar querella, esto como secuela del derecho a confrontarse con la prueba de cargo y el derecho a una adecuada representación legal. También, tiene derecho a una notificación adecuada y, por consiguiente, a que se le entregue una copia del proyecto de querella luego de la vista de aprehensión. Pueblo v. En Interés Del Menor A.L.G.V., *supra*, pág. 1000 y casos allí citados.

La Regla 2.10 de las Reglas de Procedimiento para Asuntos de Menores, 34 LPRA Ap. I-A, regula la vista de determinación de causa probable para presentar una querella contra un menor. Pueblo v. Interés Menor K.J.S.R., 172 DPR 490 (2007). Su propósito es determinar si existe la prueba necesaria en torno a los elementos esenciales de la falta en cuestión

y su conexión al menor imputado, en aras de evitar someter a un menor a los rigores de un proceso judicial innecesariamente. *Id*. Esta audiencia equivale a la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, relativa a la vista preliminar para la determinación de causa probable para presentar una acusación en casos de adultos. Por ello, toda norma jurídica sobre esta última aplica al interpretar la primera. *Id.*

De otra parte, es menester destacar que, el descubrimiento de prueba en los procesos de menores está regulado por las Reglas de Procedimiento para Asuntos de Menores, 34 LPRA Ap. I-A. Este descubrimiento tiene el propósito de eliminar el elemento sorpresa en el proceso, agilizarlo y dar cumplimiento al debido proceso de ley. Pueblo v. En Interés Del Menor A.L.G.V., *supra.* En virtud de la confidencialidad que revisten los procedimientos de menores, el derecho a descubrimiento del menor se atenúa. Se ha advertido que uno y otro interés pueden confligir y que, cuando ello ocurra, deberá prevalecer el interés de mayor valía. *Id.,* a la págs. 998-999.

En lo referente al caso de controversia, amerita mencionar que si de las notas del agente investigador se desprendiera alguna información que tienda a demostrar la inocencia del menor, el Procurador está obligado de descubrirlas a la defensa sin mediar ningún requerimiento. Así establece la Regla 6.4 de las Reglas de Procedimiento para Asuntos de Menores, según enmendadas. La citada regla lee como a continuación transcribimos:

Regla 6.4. Moción para solicitar descubrimiento de prueba

Previa moción sometida luego de presentada la querella, el tribunal podrá ordenar al procurador que produzca, para ser inspeccionados por la representación legal del menor, determinados objetos, libros, documentos y papeles que no sean declaraciones juradas, con excepción de la declaración del propio menor, que se hubiesen obtenido del menor o de otras personas mediante orden judicial o de otro modo, y que pudiesen ser necesarios para la preparación de la defensa del menor, independientemente de que el procurador se proponga ofrecerlos en evidencia o de que los mismos sean inadmisibles en evidencia. La orden especificará el tiempo, lugar y la manera de hacer la inspección, y podrá prescribir los términos y condiciones que estime justos.

El Procurador pondrá a la disposición de la representación legal del menor, para su inspección, cualquier material o información pertinente demostrativa de la inocencia del menor.

El tribunal podrá denegar total o parcialmente el descubrimiento de la información específicamente solicitada o limitar y establecer condiciones para el descubrimiento, cuando se demuestre que el conceder lo solicitado pondría en riesgo la seguridad de alguna persona, o violaría el carácter privilegiado o confidencial de cualquier comunicación.

El lenguaje de la transcrita regla es uno genérico y amplio. En su texto, la regla no establece una enumeración pormenorizada y taxativa de lo que puede o no puede ser descubierto. El estándar enunciado en la regla para la procedencia de una solicitud, a saber, que lo solicitado "*pudiesen ser necesarios para la preparación de la defensa del menor*", es del todo punto abarcador. Pueblo v. En Interés Del Menor A.L.G.V., *supra*, a la pág. 1002.

**-III-**

Tratándose de la revisión de una determinación interlocutoria mediante la cual se ordenó la producción de cierta evidencia en una causa de naturaleza penal, el mecanismo apropiado para la revisión de esta lo es el *certiorari*.[3]

Debemos resolver si el Ministerio Público, por voz de la Oficina del Procurador General, tiene razón y, tal cual argumenta, fue un error del TPI el ordenarle a proveerle al recurrido antes de la celebración de la vista de causa probable copia de cualquier manifestación o declaración anterior que éste haya brindado a las autoridades. A tales efectos, discute que la situación del caso es distinta a la jurisprudencia utilizada por el recurrido en apoyo de su reclamo. Específicamente, señala que en el presente caso- contrario al caso de Pueblo v. Ediburgo Torres León, KLCE2025000301- no existe evidencia exculpatoria del menor imputado. Ante este hecho, reclama que la orden emitida implícitamente permite que se lleve a cabo la "expedición de pesca" que nuestro ordenamiento jurídico rechaza. A su

---

[3] Véase Art. 4.0006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 L.P.R.A. sec. 24y.

vez, y por las mismas razones, manifiesta que el caso citado por el recurrido no es vinculante, pues su contexto fáctico y procesal difiere sustancialmente del caso de autos.

La parte peticionaria plantea que nuestra intervención es necesaria en esta etapa del caso para reafirmar los parámetros procesales que rigen el procedimiento penal juvenil de Puerto Rico. Mas aún, aunque reconoce que las decisiones de este Tribunal de Apelaciones pueden ser utilizadas persuasivamente, señala que las mismas no pueden ser contrarias a la jurisprudencia establecida por el Tribunal Supremo de Puerto Rico. Así, expone que la casuística vigente es clara en cuanto a que no existe un derecho constitucional a descubrir prueba antes del juicio. Añade que la única excepción a esta norma surge en virtud de evidencia exculpatoria, la que reitera no existe en el caso.

Por último, la parte peticionaria expone que la defensa del recurrido ni siquiera cumplió con el peso de la prueba al no exponer circunstancias específicas que permitan inferir la existencia de prueba exculpatoria. Según argüido, tampoco demostró con particularidad la razonabilidad de su solicitud, por lo que el TPI debió exigir algo más que meras conjeturas o planteamientos generalizados para conceder lo solicitado. Por todo esto, establece que procede expedir el auto solicitado y revocar la decisión recurrida.

Mientras, al defender la determinación recurrida, el menor JJRC indica que en nuestro ordenamiento jurídico, cuando como parte de un proceso investigativo se entrevistó a un imputado de delito, el Ministerio Público está obligado a entregar a la defensa con suficiente anticipación el resultado de esa entrevista para que la defensa pueda prepararse adecuadamente. Explica que, en la causa de epígrafe, la investigación realizada por el Ministerio Público incluyó entrevistas al menor. Añade que, no fue hasta que se entrevistó al recurrido que su defensa conoció de

la conversación o las conversaciones, desconociéndose el propósito de esta; la línea de preguntas incluidas, así como las respuestas; y la información, si alguna, que el recurrido brindó. Reclama que, ante este hecho, el elemento sorpresa en la defensa es uno evidente y válido. Más aún, destaca que la petición sometida ante el tribunal de instancia trata solamente de declaraciones y manifestaciones del menor recurrido y no sobre otros testigos.

Para terminar, el recurrido reconoce que la decisión emitida por este Tribunal de Apelaciones en el caso <u>Pueblo v. Ediburgo Torres León</u>, KLCE202500301 es una persuasiva. No obstante, recalca que lo allí resuelto descansó en el caso de <u>Pueblo v. Tribunal Superior</u>, 80 DPR 702 (1958) en donde se reconoció que los tribunales están capacitados para ordenarle al fiscal entregar al acusado copia de cualquier declaración o confesión que este haya efectuado durante la investigación preliminar del caso. Tal cual expone, en el citado caso el Tribunal Supremo concluyó que el carácter privado de la investigación preliminar se circunscribe al examen de los testigos y que no sería razonable determinar que el legislador quiso concederle carácter privado o secreto con relación al acusado a un documento que este claramente conoce.

Sí, la decisión emitida en el caso <u>Pueblo v. Ediburgo Torres León</u>, KLCE202500301, es solamente persuasiva. Así propiamente lo establece la Regla 11 de nuestro Reglamento cuando establece que las sentencias y resoluciones de este Tribunal de Apelaciones podrán ser citadas con carácter persuasivo.[4] Sin embargo, independientemente de lo que allí se resolvió, la realidad es que la decisión recurrida encuentra apoyo en la normativa jurisprudencial vigente establecida por nuestro Tribunal Supremo. Al ser así, nos parece que no es necesario discutir sobre la

---

[4] *In re Enmiendas al Reglamento del Tribunal de Apelaciones*, 2025 TSPR ____, 215 DPR ____.

naturaleza persuasiva de la decisión citada por el recurrido, cuyo análisis y aplicación descansó en el derecho actual.

Al fin y al cabo, aun cuando como regla general un imputado no tiene derecho a descubrir prueba en la etapa de vista preliminar, **nada impide que el foro de instancia ordene al fiscal entregar al acusado copia de cualquier declaración que este haya prestado durante la investigación preliminar del caso**. Pueblo v. Tribunal Superior, 80 DPR 702, 704-705 (1958).[5] El reconocimiento de esta autoridad se cimentó en que todo procesamiento judicial tiene como objetivo el esclarecimiento de la verdad.[6]

En el caso de autos, el recurrido hizo un reclamo de su derecho a obtener acceso a las declaraciones y manifestaciones provistas por él durante la etapa investigativa. Al hacerlo, dejó claro que no se trataba de una solicitud de descubrimiento de prueba mediante la cual pretendía obtener declaraciones o manifestaciones de los testigos que el Ministerio Público pretendía utilizar. Al contrario, la defensa solicitó copia de cualquier declaración o manifestación provista por él y alegó que estas eran indispensables para defenderse adecuadamente.[7] Nos parece que la norma de derecho sobre este particular es clara y fue correctamente aplicada por el foro primario.

No albergamos duda alguna de que, en virtud de lo resuelto en Pueblo v. Tribunal Superior, *supra,* las declaraciones que efectúe el acusado en la investigación preliminar del caso en cuestión constituyen materia

---

[5] Es meritorio destacar que en este caso la defensa solicitó copia de una declaración jurada que el acusado había suscrito previo a hacer una alegación basándose en que conocer el contenido de esta era indispensable para hacer una alegación inteligente.

[6] Véase también Pueblo v. Tribunal Superior, 92 DPR 116, 126-127 (1965); Pueblo v. Delgado López, 106 DPR 441,444-445 (1977); Pueblo v. Cancel Hernández, 111 DPR 625, 626-628 (1981); Pueblo v. Velázquez Colón, 174 DPR 304,343 (2008) en los que al resolver las controversias planteadas el Tribunal Supremo reitera que el objetivo de todo procedimiento judicial es el esclarecimiento de la verdad y que el fiscal debe poner a disposición del acusado la prueba que sea relevante a su defensa.

[7] Véase, *Moción en Solicitud de Evidencia Exculpatoria y Entrega de Manifestaciones y/o Declaración del Menor* sometida por el recurrida ante el TPI. Escúchese también las porciones 26:37 a 27:53; 29:48 a 29:59; y 30:12 a 31:56 de la regrabación de vista de causa del 16 de julio de 2025 en las que a modo de reconsideración durante la vista para causa expuso argumentos similares.

descubrible antes de que se presente la acusación o denuncia. De la misma manera, tenemos claro que el derecho al descubrimiento es consustancial con el derecho de todo acusado a presentar una defensa adecuada en un proceso criminal. Pueblo v. Custodio Colón, 192 DPR 567, 584 (2015).

Por consiguiente, y en consideración a todo esto, no encontramos que el remedio concedido por el foro primario sea contrario a derecho. Tampoco nos parece que el TPI haya incurrido en abuso de discreción al resolver de la manera en que lo hizo. Al escuchar la grabación notamos que el foro primario sólo reconsideró su negativa inicial a que se le entregue al recurrido previo a la vista de causa, lo que la jurisprudencia le ha autorizado a entregarle a un imputado; manifestaciones o declaraciones realizadas por este durante el proceso investigativo y prueba exculpatoria. Por el contrario, juiciosamente reiteró su rechazo a la entrega del vídeo en manos del Ministerio Público, por no ser material de aquel permitido por la normativa vigente en esta etapa de los procesos. De igual forma, es importante aclarar, que con la determinación recurrida no se le está dando una consideración especial al imputado por ser menor de edad. En contrario, la decisión tomada descansó en un análisis adecuado de la normativa vigente y las circunstancias particulares del caso. Revocar la decisión recurrida, tal como nos solicita la parte peticionaria que hagamos, equivaldría a una intervención indebida de nuestra parte, por lo que la sostenemos.

**-IV-**

Por los fundamentos anteriormente expuestos, expedimos el auto de *Certiorari* y confirmamos el dictamen recurrido. Así resuelvo, dejamos sin efecto la paralización de los procedimientos y devolvemos el caso al Tribunal de Primera Instancia para la continuación del trámite.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones